UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
ALEJANDRA NARANJO,
Defendant.

Case No.: 19-CR-591-GPC

**ORDER GRANTING COMPASSIONATE RELEASE (REDACTED)**

**[ECF No. 61]**

Defendant Alejandra Naranjo ("Naranjo") filed a motion seeking time served under 18 U.S.C. § 3582(c)(1)(A). ECF No. 61 at 1.[1] The Government does not oppose. ECF No. 65. For the reasons set forth below, Naranjo's motion is GRANTED.

## I. Background

On December 19, 2019, Naranjo pled guilty to one count of Importation of Methamphetamine in violation of 21 U.S.C. § 952 and 960. ECF No. 51 at 3. In March of 2020, this Court sentenced Naranjo to 78 months imprisonment with a term of five-years supervised release. ECF No. 55 at 2-3. Naranjo has a projected release date of August 17, 2025.[2]

[1] Page numbers reflect CM/ECF pagination.
[2] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Feb. 23, 2024)

On January 2, 2024, Naranjo moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), on the grounds that [redacted] and (2) she is the only caregiver available to provide for her father who is suffering from end stage renal failure. *Id.* at 22-25.

**A.** [redacted]

[redacted]

█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**B. Caregiver Responsibilities**

███████████████████, Naranjo has made efforts to rehabilitate while incarcerated. Naranjo battled with an addiction to methamphetamine since she was first introduced to the substance at twelve years old. ECF No. 61 at 5; ECF No. 51 at 12. While on pretrial release, Naranjo achieved sobriety. ECF No. 61 at 6. She has maintained her sobriety throughout her incarceration. *Id*. at 38. Naranjo has also repaired her relationship with her family, whom she is set to live with upon release. *Id*. at 36. She intends to be the primary caretaker for her father who suffers from "end stage renal disease, for which he requires dialysis" as well as "hypertension, diastolic heart failure, and a fistula." *Id*. at 18.

Naranjo moves for time served under § 3582(c)(1)(A) based on the sexual abuse she suffered while incarcerated and her father's medical needs. *Id*. at 24, 27.

**II. Legal Standard**

Generally, a federal court "may not modify a term of imprisonment once it has been imposed," *United States v. Keller*, 2 F. 4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)), except "in limited circumstances set out by federal statute," *United States v. King*, 24 F. 4th 1226, 1228 (9th Cir. 2022). Naranjo seeks time served for her sentence under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A) as

amended by the First Step Act, which provides that the Court may reduce a defendant's term of imprisonment, after considering the factors set for in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Under policy statement U.S.S.G. § 1B1.13(b)(3)(c), as amended, a defendant has demonstrated extraordinary and compelling circumstances upon a showing that "the incapacitation of the defendant's parent" renders the defendant "the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(c). [redacted]

Lastly, § 1B1.13(a)(2) instructs that prior to granting a motion for compassionate release, a court must determine that "the defendant is not a danger to the safety of any other person or to the community," as provided in 18 U.S.C. § 3142(g).

Accordingly, there are two questions before the Court.[3] First, the Court must determine whether Naranjo demonstrated extraordinary and compelling circumstances by way of [redacted] or the medical

---

[3] It is undisputed that Naranjo has met the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 61 at 22-23; ECF No. 65 at 1 (Government's non-opposition).

needs of her father. Second, the Court must determine whether Naranjo is a "danger to the safety of any other person or to the community." 18 U.S.C. § 3142(g).

## III. Discussion

[redacted]

[redacted]

[redacted]

**B. Sentencing Factors**

The Court must also consider the sentencing factors set forth in § 3553(a), "to the extent that they are applicable," and determine whether such factors support Naranjo's release. *See* 18 U.S.C § 3582(c)(1)(A). In relevant part, § 3553(a) includes:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant[.]

The Court finds that the sentencing factors weigh in favor of Naranjo's release. First, Naranjo's criminal history and recent nonviolent offense are the result of her addiction to methamphetamine. ECF No. 61 at 30. However, prior to and during her incarceration, Naranjo has remained sober. *Id.* at 38. Second, Naranjo has served over 60% of her sentence. *Id.* at 3. Next, Naranjo has rehabilitated, reconnected with her support system, and has a stable release plan. *Id.* at 36. As such, she is not a danger to the public for purposes of the policy statement or sentencing factors. *See* 18 U.S.C. §

3142(g). Therefore, this Court finds Naranjo's case warrants a granting of compassionate release.

## IV.   CONCLUSION

For the reasons set forth above, the Motion for Compassionate Release is **GRANTED.** The Court reduces Naranjo's sentence to time served and places her on the conditions of supervised release as imposed in her original sentencing hearing and as recommended by her probation officer. ECF No. 55.

**IT IS SO ORDERED.**

Dated:  March 18, 2024

Hon. Gonzalo P. Curiel
United States District Judge